IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT PRUITT, | ) | |
| | ) | Case No. 23 C 1224 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Honorable Jeremy Daniel |
| | ) | |
| | ) | |
| ALEJANDRO VELEZ, | ) | |
| DERRICK MARTIN, Jr. | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendants Alejandro Velez and Derrick Martin, Jr., by and through one of their attorneys, Michael J. Bradtke, Assistant Corporation Counsel, in support of their motion to dismiss, state as follows:

1. On February 27, 2023, plaintiff filed a *pro se* complaint under 42 U.S.C. § 1983 contending that Officers Velez and Martin violated his constitutional rights. (Pl.'s Compl., ECF No. 1.)

2. On July 13, 2023, this Court screened plaintiff's complaint (see 28 U.S.C. § 1915A) and interpreted it as "alleging that his due process rights were infringed upon." (Order at 2-3, ECF No. 14.)

3. On January 19, 2024, defendants filed a motion to dismiss pursuant to Rule 12(b)(6) on grounds that plaintiff is *Heck* barred from bringing these claims because it would imply the invalidity of plaintiff's criminal conviction for unlawful use of a weapon by a felon. (Mot. to Dismiss, ECF No. 30.)

4. Pursuant to the briefing schedule set by this Court, plaintiff's response was due on or before February 19, 2024. (Order, ECF No. 32.)

5. As of today, March 1, 2024, plaintiff has not responded to the motion to dismiss or requested an extension of time. As a consequence, he has forfeited his claims, and this Court should grant defendants' motion to dismiss.

6. Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This rule simply "specifies the conditions of the formal adequacy of a pleading." *Kirksey v. R.J. Reynolds Tobacco Co.,* 168 F.3d 1039, 1041 (7th Cir. 1999). "It does not specify the conditions of its substantive adequacy, that is, its legal merit." *Id.* As such, "when presented with a motion to dismiss, the non-moving party must proffer some legal basis to support his cause of action." *Stransky v. Cummins Engine Co.,* 51 F.3d 1329, 1335 (7th Cir. 1995). A litigant's failure to respond to arguments the opposing party raises in a motion to dismiss operates as a forfeiture. *Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011). In an adversarial system of justice, it is unacceptable for a court "to do the plaintiff's research and try to discover whether there might be something to say against defendants' reasoning." *Kirksey*, 168 F.3d at 1041.

7. In this case, plaintiff has been on notice regarding the officers' motion to dismiss since January 19, 2024, the date it was filed. He was also aware of the February 19, 2024, deadline to file his response, as was clear from this Court's scheduling order. (Order, ECF No. 32.)

8. Although plaintiff had 30 days to file a response, he either failed or refused to do so. His failure to respond to the arguments raised in the motion to dismiss results in a forfeiture of his claims. See *Alioto*, 651 F.3d at 721 ("a litigant effectively abandons the litigation by not responding to alleged deficiencies in a motion to dismiss").

9. Because plaintiff did not address the arguments raised in defendants' motion to dismiss, this Court should treat his response as an abandonment of his claims and dismiss the amended complaint with prejudice.

- 3 -

**WHEREFORE**, defendants respectfully request that this Court dismiss plaintiff's amended complaint with prejudice, and grant any other relief deemed equitable and just.

DATED: March 1, 2024                      Respectfully submitted,

                                                  */s/ Michael J. Bradtke*
                                                  Michael J. Bradtke
                                                  Assistant Corporation Counsel

Michael J. Bradtke, Assistant Corporation Counsel
Jordan F. Yurchich, Assistant Corporation Counsel Supervisor
City of Chicago, Department of Law
2 North LaSalle Street, Suite 420
Chicago, Illinois 60602
(312) 744-9031 (Phone)
**Counsel for the defendants**

## CERTIFICATE OF SERVICE

I hereby certify that, on March 1, 2024, I submitted with the Clerk for the Northern District of Illinois using the Court's electronic filing system or CM/ECF defendants' **Reply in Support of Motion to Dismiss**, and thereby provided a copy of same by service to all attorneys and parties of record at the electronic addresses they provided to the court.

/s/ *Michael J. Bradtke*
Michael J. Bradtke
Assistant Corporation Counsel